```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

GMAC                              :

        v.                        :      Civil Action No. DKC 2007-1166

SAMUEL K. JACOBS, et al.          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's motion to remand. (Paper 27).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the following reasons, the motion will be GRANTED.

Plaintiff, General Motors Acceptance Corporation, filed a complaint in the District Court of Maryland for Montgomery County against Defendants, Samuel K. Jacobs and Nancy Heckerman, seeking to replevy a vehicle pursuant to a retail installment sales contract.  Defendants removed the case to this court, citing many statutes and constitutional provisions, but not making at all clear the purported basis for federal removal jurisdiction.  In their response to the court's standing order concerning removal, Defendants appeared to represent that diversity of citizenship was the basis for removal and that they are citizens of Maryland.  As a result of that filing, the court entered an Order to Show Cause why the case should not be remanded because Maryland citizens are not permitted to remove actions from state to federal court.  In a

later filing, Defendants stated that they should have cited federal question jurisdiction in their earlier notice of removal.

Plaintiff now moves to remand, contending that there is no basis for the exercise of removal jurisdiction by this court.[1] GMAC argues that its complaint set forth a garden variety state court replevin action, and not any federally based claim, and that any purported counterclaim set forth by Defendants, even one based on federal law, cannot be considered.  Furthermore, there is an insufficient amount in controversy for diversity jurisdiction. Defendants respond that this case is "based on violations of the Securities Fraud laws under the RICO statutes, the Consumer Protection Act, the Fair Debt Collection Practices Act" and that the state courts lack jurisdiction to try the case.

Removal jurisdiction, like all federal jurisdiction, is strictly construed:

> Federal removal jurisdiction may be exercised over state court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The propriety of Nokia's removal of the Pinney plaintiffs' state court cases depends on whether the claims "aris[e] under" federal law. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). We must

---

[1] The thirty day time limit for filing a motion to remand in 28 U.S.C. § 1447(c) is applicable to procedural defects.  The absence of subject matter jurisdiction may be raised at any time.

> strictly construe our removal jurisdiction because removal "raises significant federalism concerns." *Id.* "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citing 28 U.S.C. § 1447(c)).

*Pinney v. Nokia, Inc.*, 402 F.3d 430, 441 (4th Cir.), *cert. denied*, 546 U.S. 998 (2005).

Furthermore,

> In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily ... look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). Thus, in examining the complaint, our first step is to "discern whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) ("The vast majority of lawsuits 'arise under the law that creates the cause of action.'") (*quoting Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). If federal law creates a plaintiff's claim, then removal is proper. *Mulcahey*, 29 F.3d at 151. The general rule, of course, is that a plaintiff is the "master of the claim," and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

3

*Pinney*, 402 F.3d at 442. In this case, the complaint filed in state court clearly raises only a state law claim. There is no citation to or factual basis for a claim under federal law. Rather, Defendants continue to point to their own counterclaims in asserting a basis for federal question jurisdiction. However, only complete preemption is an exception to the well-pleaded complaint rule:

> Although generally a case may not "be removed to federal court solely because of a defense or counterclaim arising under federal law," *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005), complete preemption is an exception to this rule and so federal jurisdiction is proper, even though the preemption is only raised as a defense. See *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425; *see also Topeka Hous. Auth.*, 404 F.3d at 1247 (noting that complete preemption is an exception to the general rule barring removal based on counterclaims) (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3722.1, at 508 (3d ed.1998)).

*Discover Bank v. Vaden*, 489 F.3d 594, 599-600 (4th Cir. 2007). Defendants do not and could not contend that Plaintiff's state law claim is completely preempted by any of the statutes they cite. Accordingly, there is no federal question basis for removal jurisdiction.

In addition, there is no basis for diversity jurisdiction. The court already pointed out that Defendants, as citizens of Maryland, are not permitted to remove the case on diversity grounds. More importantly for subject matter purposes, however, is

4

the absence of a sufficient amount in controversy. The complaint seeks $60,288.55 in damages, plus attorneys' fees, well below the required threshold.

For the foregoing reasons, the motion to remand will be granted by separate order.

___/s/___
DEBORAH K. CHASANOW
United States District Judge
